**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Wendell Johnson, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:17-cv-01414-JMC |
| ) | |
| Shree Radhe Corporation, d/b/a Relax ) | **ORDER AND OPINION** |
| Inn, Inc., Muheshbai Patel a/k/a Mike Patel, ) | |
| and Auto-Owners Insurance Company, ) | |
| ) | |
|         Defendants. ) | |
| ) | |

Plaintiff alleges that, on or about September 3, 2013, he was cleaning a drain system at the Relax Inn in Bamberg, South Carolina when Defendant Mike Patel ("Patel") poured an acid drain cleaner into the pipes injuring Plaintiff and causing him to suffer breathing problems. (ECF No. 1-2 at 6 ¶ 12.)

Plaintiff alleges that there is an "insurance policy between the Defendants, Relax Inn, Inc., Shree Radhe Corp. and Muheshbai Patel[,] and Defendant Auto-Owners Ins. Co." (*Id.* at 7 ¶ 18); (*see also* ECF No. 1-1 at 2.) On April 24, 2017, Plaintiff filed an Action for Declaratory Judgment (ECF No. 1-2 at 1-3) under the Uniform Declaratory Judgments Act, S.C. Code Ann. § 15-53-10, et seq. (1948) in the Court of Common Pleas, Second Judicial Circuit, Bamberg County. Plaintiff seeks a determination of the "rights and obligations" of the parties under the insurance policy.[1] (ECF No. 1-2 at 6 ¶ 8.) On May 10, 2017, Plaintiff filed an Amended Action for Declaratory Judgment. (*Id.* at 5-7). On May 31, 2017, Defendant Auto-Owners Insurance Company

---

[1] The court assumes that Plaintiff moves the court to determine the "rights and obligations" under the insurance policy since he alleges that Owners "denies that the accident constitutes an occurrence under the policy." (ECF No. 1-2 at 6 ¶¶ 7-8.)

1

("Owners") filed a Notice of Removal (ECF No. 1) to this court based on diversity of jurisdiction.[2] On June 22, 2017, Shree Radhe Corporation (hereinafter "Relax Inn") and Patel ("Co-Defendants") filed an Answer to the Complaint and asserted cross-claims against Owners. (ECF No. 12.) On June 28, 2017, Co-Defendants and Plaintiff filed respective Motions to Remand (ECF Nos. 14, 16). On July 21, 2017, Owners responded to Plaintiff and the Co-Defendants' Motions to Remand. (ECF No. 21.)

Before the court is Plaintiff's Motion to Remand (ECF No. 16), and for the reasons stated below, the court **GRANTS** this Motion.

## I.     LEGAL STANDARD

*Removal and Diversity Jurisdiction*

Federal courts are courts of limited jurisdiction. The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004) ("The burden of demonstrating jurisdiction resides with 'the party seeking removal.'") (quoting *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). Federal courts may exercise original diversity jurisdiction only if no plaintiff and no defendant are citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction: [n]o party need assert the defect. No party can waive the defect or consent to jurisdiction."). Because federal courts are forums of limited jurisdiction, any doubt as to whether

---

[2] Owners is incorporated under the laws of Michigan and has its principal place of business in Michigan, and Plaintiff and Co-Defendants are South Carolina citizens. (ECF No. 1 at 3; *see also* ECF No. 1-2 at 5 ¶¶ 2-5.) In this action, Plaintiff seeks actual, consequential, and punitive damages, therefore, the court deems the amount in controversy to exceed $75,000, exclusive of interests and costs. (ECF No. 1-2 at 3 ¶¶ 15-17.)

a case belongs in federal or state court should be resolved in favor of state court. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 20 U.S.C. § 1447. "[B]ecause of the fundamental and systemic nature of the defense, and its centrality to basic principles of judicial federalism, lack of subject matter jurisdiction may be asserted at any time by the court, *sua sponte*, either at the trial or appellate level . . . ." *Davis v. Kia Motors Am., Inc.*, No. CV 6:08-1937-RBH, 2009 WL 10632813, at *1 (D.S.C. Aug. 18, 2009), *aff'd*, 408 F. App'x 731 (4th Cir. 2011) (quoting 5B Wright and Miller, *Federal Practice and Procedure*, § 1350).) "[A] federal court loses jurisdiction over a case as soon as its order to remand the case is entered." *In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996).

When a federal court sits in diversity jurisdiction, it applies federal procedural law and state substantive law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Therefore, when a declaratory judgment action is removed to federal court, the court must apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 261 n.3 (4th Cir. 2013).

## II. ANALYSIS

Owners timely removed the action to this court pursuant to 28 U.S.C. § 1441. (ECF No. 1 at 1-2.) Plaintiff alleges both a claim for a declaratory judgment and a claim for negligence. Plaintiff brings his Complaint under the title "Action for Declaratory Judgment," but also states that "[he] brings causes of action for monetary relief from the Defendants, Relax Inn, Inc., Shree Radhe Corp. and Muheshbai Patel [for their alleged negligence]." (ECF No. 1-2 at 5, 6 ¶¶15-17.)

The court construes Plaintiff's cause of action for monetary relief as a negligence cause of action against only the Co-Defendants, as monetary relief itself is not a cause of action.

Addressing Plaintiff's declaratory judgment cause of action, Owners posits that "[Plaintiff] has no standing to pursue such a claim." (ECF No. 21 at 9.) The court agrees.

Since this case was removed to the court under the auspices of diversity jurisdiction, the court must analyze Plaintiff's declaratory judgment cause of action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Hartford Fire Ins. Co.*, 736 F.3d at 261 n.3; *Gasperini,* 518 U.S. at 427. Owners challenges Plaintiff's standing under South Carolina state law, however, the court must analyze Plaintiff's standing under federal law because Plaintiff's standing to bring this claim in state court has no bearing on whether Plaintiff has standing to bring the claim in federal court. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court.") (citing *Doremus v. Board of Education*, 342 U.S. 429, 434 (1952)); *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990) ("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction.").[3]

"[F]or a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied. First, the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution-the 'constitutional' inquiry. Second, the trial court, in its discretion, must be satisfied that declaratory relief is appropriate-the 'prudential' inquiry." *White*,

---

[3] *See also QBE Ins. Corp. v. Sellers*, No. CA 7:11-351-TMC, 2011 WL 5873819, at *2 (D.S.C. Nov. 22, 2011) ("[E]ven if South Carolina courts might conclude that Sellers lacked standing to pursue a declaratory judgment action against QBE, whether Sellers has standing to maintain this declaratory judgment action is a question that must be resolved applying federal law.").

913 F.2d at 167. In order to have constitutional standing under federal law, Plaintiff must establish that he suffers or faces an imminent "(1) injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision." *See Retail Indus. Leaders Assoc. v. Fielder,* 475 F.3d 180, 186 n. 1 (4th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). Plaintiff's injury in fact must be "concrete and particularized, and actual or imminent, not conjectural or hypothetical." *White Tail Park v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Lujan,* 504 U.S. at 560-61). "When seeking a ruling under the Declaratory Judgment Act, [in addition to demonstrating constitutional standing] plaintiff must also demonstrate standing pursuant to the statute." *Motsinger v. Nationwide Mut. Ins. Co.*, 920 F. Supp. 2d 637, 643 (D.S.C. 2013). *Maryland Casualty Co. v. Pacific Coal & Oil Co.* provides a framework to determine whether a case or controversy exists in a federal declaratory judgment action. 312 U.S. 270, 273 (1941) ("the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal citations omitted).[4]

Plaintiff is not a party to the Co-Defendants' insurance policy, but under federal law, Plaintiff's nonparty status to the contract does not necessarily preclude him from having standing to bring suit against Owners. *See, e.g. Maryland Casualty Co.,* 312 U.S. at 274, *Miller v. Augusta*

---

[4] *See also White*, 913 F.2d at 167 ("[t]he test for a "case or controversy," the constitutional inquiry, is whether the dispute "is definite and concrete, touching the legal relations of parties having adverse legal interests.") (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937); *Aetna Life Ins. Co.*, 300 U.S. at 241 ("[The controversy] must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.")

5

*Mut. Ins. Co.,* 157 F. App'x. 632, 637 (4th Cir. 2005) (Unpublished Opinion) (citing *Maryland Casualty Co.*, 312 U.S. at 274).

Focusing specifically on statutory standing, an actual controversy can exist between an insurance company and a third party under federal law when the insurance company joins the third party in a case.[5] Additionally, in an unpublished Opinion, the Fourth Circuit held that a plaintiff who was not a party to the defendants' insurance policy had standing to bring a declaratory judgment action against the defendants' insurance company because the court entered a previous default judgment against one of the defendants insured by the insurance company. *Miller*, 157 Fed. App'x at 637.[6] However, if a plaintiff does not possess a judgment, it does not negate a plaintiff's potential standing to bring a declaratory judgment action if a plaintiff seeks a declaratory judgment as to his rights as an insured party under his insurance policy.[7]

This case is distinguished from the factual scenarios above because Plaintiff is the party who initially brought this case against Owners and the Co-Defendants and Plaintiff does not

---

[5] *See Maryland Casualty Co.*, 312 U.S. at 274 (the Supreme Court of the United States held that a controversy existed between an insurance company and the third party tort claimant that it joined within a declaratory judgment action); *Penn Am. Ins. Co. v. Valade*, 28 F. App'x 253, 257 (4th Cir. 2002) ("When an insurer initiates a declaratory judgment action against both an injured third party and its insured, the injured third party acquires standing—independent of that of the insured—to defend itself in the declaratory judgment proceeding."); *Sellers,* 2011 WL 5873819, at * 2 (noting that the plaintiff had standing to assert a counterclaim for a declaratory judgment cause of action against the insurance company after the insurance company initially joined the plaintiff as a defendant).

[6] The Fourth Circuit held that the question regarding the plaintiff's rights under the policy was "definite and concrete." *Miller,* 157 Fed. App'x at 637.

[7] *See White*, 913 F.2d at 168 ("[t]he fact that [the plaintiff] has not obtained a judgment against [the insured] does not make the [declaratory judgment] action any less definite and concrete, nor does it vitiate the adversity of the parties' interests.") In *White* the plaintiff sought a declaration of her rights as to the uninsured motorist provisions of her company's insurance policy under which she was insured.

possess a judgment against any Defendant. Moreover, although Plaintiff seeks to enforce his rights under the insurance policy, he is not a party to it and has no claims under its provisions.

As to constitutional standing, Plaintiff cannot demonstrate a concrete injury-in-fact in the context of his declaratory judgment action. *See Kenny v. Wilson*, No. 17-1367, 2018 WL 1321983, at *4 (4th Cir. Mar. 15, 2018) ("The injury-in-fact requirement ensures that plaintiffs have a "personal stake in the outcome of the controversy.") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)); *Motsinger*, 920 F. Supp. 2d. at 643 (holding that the insurance company had standing to bring a declaratory judgment action because in addition to fulfilling the other requirements for standing, it would be injured if it had to pay an illegitimate claim). Additionally, there is not a substantial controversy defined by a definite and concrete dispute in this case that touches the legal rights of adverse parties because Plaintiff is not a party to the insurance policy and has no claims under its provisions. *See Maryland Casualty Co.*, 312 U.S. at 273, *White*, 913 F.2d at 167. Therefore, Plaintiff does not have standing to bring a declaratory judgment action against Defendants and the court remands this cause of action. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *AtlantiGas Corp. v. Columbia Gas Transmission Corp.,* 210 F. App'x 244, 247 (4th Cir. 2006) ("[a] court does not have subject matter jurisdiction over an individual who does not have standing.").[8]

---

[8] This case was removed from state court, therefore, the court must adhere to 28 U.S.C. § 1447 and remand this cause of action instead of dismissing it. *See Carpenter v. Piedmont Med. Ctr.,* No. 0:11-CV-01600-JFA, 2011 WL 5877014, at *2 (D.S.C. Nov. 21, 2011) ("[t]he court cannot remand the case because it was not originally filed in state court and then removed to this court [, thus, the court has no choice but to dismiss the action].")

7

As to Plaintiff's negligence claim against the Co-Defendants only, because Plaintiff and Co-Defendants are South Carolina citizens, diversity jurisdiction does not exist and the court must also remand this action to state court. *See* 28 U.S.C. § 1447(c).[9]

### III.    CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16). The court **REMANDS** this case to the Court of Common Pleas, Second Judicial Circuit, Bamberg County, South Carolina. All other docketed motions are **MOOT.**

**IT IS SO ORDERED.**

United States District Judge

March 21, 2018
Columbia, South Carolina

---

[9] The court notes Owners arguments as to Plaintiff's claim being barred by the statute of limitations, and its argument regarding misjoinder. (ECF No. 21 at 6-8). However, the court does not have subject matter jurisdiction over the negligence cause of action, and therefore, makes no findings regarding the statute of limitations and misjoinder.